PERKINS *v.* HANEY MANUF'G Co. and another.

*(Circuit Court, S. D. Michigan, W. D.* September 19, 1887.)

PATENTS FOR INVENTIONS—SCHOOL-DESKS—LETTERS PATENT NO. 123,797—ANTICIPATION.
    The second claim of letters patent No. 123,797, dated February 25, 1872, and granted to William A. Slaymaker for an improvement in school-desks, "for the seat described, pivoted at the apex of the triangle formed by its arms, and adapted to swing on its pivot back beneath the desk, as described," is anticipated by prior patents.

Bill in Equity for Infringement of Patent.

Action for infringement of letters patent No. 123,797, dated February 25, 1872, and granted to William A. Slaymaker for an improvement in school-desks. The second claim of said patent was for "the seat described, pivoted at the apex of the triangle formed by its arms, and adapted to swing on its pivot back beneath the desk, as described." Defendants claimed that the patent had been anticipated by prior patents

to H. W. White, January 14, 1868; to Isaac Newton Pierce, December 5, 1871; to C. W. Sherwood, November 6, 1866; to A. Chandler, September 7, 1869; and to W. H. Soper, August 17, 1869. Defendants made the following claims as to these patents: The patent to H. W. White shows a seat-frame in the shape of an X, pivoted at its lower front, and adapted to fold beneath the desk. The patent to Isaac Newton Pierce shows a seat supported by a triangular-shaped block. The Sherwood and Chandler patents resemble the Pierce patent. The Soper patent shows a seat, folding beneath the desk.

*Charles J. Hunt,* for complainant.

This seat differs from any previous one in the place where it was pivoted, and the manner in which it swung out of the way. All prior seats folded up against the desk; but this goes under the desk, and is as much out of the way as though it had been a drawer, and was closed. The manner and place of pivoting the seat produces a new result. A slight backward pressure on the front of the seat moved the seat, and then the seat, impelled by its own weight, fell under the desk, and left a free passage-way. When it was necessary to have the seat out in place, a slight downward pressure on the front of the seat brought it forward, and it was ready for use. Thus the pupil, in taking his seat, presses down the front of the seat, and the seat falls forward, and is ready for use. When he rises, a slight movement of his leg sends the seat back under the desk, and out of the way of any one who wishes to pass between the rows of desks. This is a new result, and is sufficient of itself to sustain the patent.

Had he pivoted the seat by arms on the upper side, the seat would hang so that the center of gravity would be directly under the point of pivot, and the seat would, in the normal position, be half under and half out from the desk; and, if the pupil should draw it entirely out, it would swing back when he took his hand off of it, before he sat down, and it would be sure to swing back as soon as he relieved it of his weight. But when pivoted below the seat, as in the patent, the center of gravity being above the point of pivot, the law that a body falls over when the center of gravity passes beyond the base applies, and the bolt which supports the seat is just the pivot, and, when the center of gravity has passed beyond a perpendicular line erected on the pivot, the seat by its own gravity falls forward or back until arrested by the stops on the seat-frame, and remains in that position until changed by the person who occupies, or who wishes to occupy, the seat. By this construction of the seat, the change from one position to the other is made without friction or noise. This noiseless movement of the seat is a great desideratum in all school-rooms, where any noise is an annoyance to the whole school, and particularly to the teacher and the class which is reciting. This seat is equally adapted to theaters and other public halls, where spectators come and go during the exhibition. Thus the invention has been shown to be of great value, and that a new result has been produced by means not before used for this or any analogous purpose.

The patents introduced in evidence by the defendants all fold the seat up against the desk; and do not produce the same result as the Slaymaker patent. They do not anticipate the Slaymaker patent, for they do not show the same device, nor anything that can by any possibility produce the same result. If they are introduced to show the state of the art, they do not show any device like the Slaymaker seat, used for that or any analogous purpose, or even for any purpose whatever. In fact, they show that the Slaymaker invention was a new and radical departure in the construction of school desks and seats, and that the result produced by his invention was a new one, and by new

means. The Slaymaker patent and the Pierce patent were both before the patent-office at the same time, and that is a proof that the two were considered as different inventions by the patent-office, and is a strong proof that the one does not infringe the other.

*Taggart & Denison,* for defendants.

The several patents referred to in the answer as anticipations are anticipations of the broad construction put on the Slaymaker patent by the complainant, rather than anticipations of the limited claim which we believe to be the true construction of the patent. The triangular frame was not a novelty in itself, and the folding of the seat beneath the desk was not a novelty at the date of the Slaymaker patent, as will be seen by reference to the several patents referred to.

*H. W. White Patent.* This patent was issued January 14, 1868. It shows a seat-frame in the shape of an X, pivoted at its lower front foot, and adapted to fold beneath the desk. The seat is shown by D; its arms, by C, C. The method of folding the seat beneath the desk is fully seen by examining Figs. 1 and 2. The inventor says, "If desired, the chair, (seat,) D, may be lowered and turned back under the desk, A." This turns the seat entirely beneath the desk, A, as is readily seen. The hinge or point of turning is upon the legs of the desk, as is the case in the Slaymaker invention. This invention of White, while it differs much in construction from the Slaymaker device, in function and operation resembles it much more closely than does the Haney model. It is pivoted or hinged near the floor; there is no strain on the pivot; the shaking of the seat will not move the desk, etc.

*Isaac Newton Pierce Patent.* This patent was issued December 5, 1871. Application was filed before Slaymaker's. The seat is supported by a triangular-shaped block. The pivot is located similar to the pivot in the Haney model. The seat is placed above the frame. In both the Pierce device and the Haney model, the seat, in fact, does not fold beneath the desk.

*C. W. Sherwood Patent.* Patented November 6, 1866. Is similar to the Pierce invention, but differing slightly in construction.

*A. Chandler Patent.* This patent was issued September 7, 1869. Shows a seat folding like the Pierce seat.

*W. H. Soper Patent.* Dated August 17, 1869. The drawing shows a seat that folds beneath the back as much if not more than does the seat in the Haney model. See form of seat as illustrated in the cuts of Fig. 1.

The other exhibits show various methods of constructing folding seats, leaving very little invention to Mr. Slaymaker.

SEVERENS, J. I am of opinion, in this case, that so much of the matter covered by the second claim of the complainant's patent as is involved in the seat manufactured by the defendants, namely, a seat turning upon a pivot so as to be thrown back and under, or partly under, the back, was not new, but had been anticipated by former patents and manufacture. If that is all there is of the second claim, as construed in connection with the specifications and other claims, it is invalid, because it had already been anticipated in its substantial features. At all events, it is all of it that the defendant's construction employs.

An order will be entered dismissing the bill.